[Cite as *In re Robinson*, 2010-Ohio-6715.]



# Court of Claims of Ohio
## Victims of Crime Division

The Ohio Judicial Center
65 South Front Street, Fourth Floor
Columbus, OH 43215
614.387.9860 or 1.800.824.8263
www.cco.state.oh.us

IN RE: BRIAN E. ROBINSON


BRIAN E. ROBINSON

     Applicant


Case No. V2010-50566

Commissioners:
Randi M. Ostry, Presiding
Lloyd Pierre-Louis
Elizabeth Luper Schuster

ORDER OF A THREE-
COMMISSIONER PANEL

---

{1}On January 13, 2010, the applicant filed a compensation application as the result of being shot on December 15, 2009. On March 23, 2010, the Attorney General issued a finding of fact and decision denying the applicant's claim based on his failure to fully cooperate with law enforcement as required by R.C. 2743.60(C). A review of the police investigation revealed that at the time of the incident, the applicant asserted he knew the name and address of the shooter; however, in subsequent contact with police he refused to identify the offender and said he would handle the matter himself. On March 31, 2010, the applicant submitted a request for reconsideration. On May 20, 2010, the Attorney General rendered a Final Decision finding no reason to modify the initial decision. On June 1, 2010, the applicant filed a notice of appeal from the May 20, 2010 Final Decision of the Attorney General. Hence, a hearing was held before this panel of commissioners on August 19, 2010 at 10:50 A.M.

{2}Assistant Attorney General Jason Fuller appeared on behalf of the state of Ohio. The applicant did not attend the hearing.

{3}The Attorney General stated the only issue before this panel is whether the applicant failed to fully cooperate with law enforcement as required by R.C. 2743.60(C).

{4}The Attorney General called Columbus Police Detective Jay Fulton to testify. Detective Fulton related he was the primary investigator concerning the shooting of the applicant, Brian Robinson. Detective Fulton chronicled that a Columbus Police Officer first came in contact with Mr. Robinson at Children's Hospital. At that time, the applicant provided the name, Aaron Roberts, and address of the suspected offender to the officer. However, in subsequent contacts with police the applicant stated he either did not know the identity of the suspect or would handle the matter himself. Detective Fulton did assemble a photo array for the applicant's viewing which contained a photo of an individual who was located at the address the applicant had supplied to the police officer. At that time, the applicant stated the photo array did not exhibit the alleged shooter. The officer stated that the applicant's uncooperativeness did not allow a meaningful investigation to be conducted, and after four to six months the case was closed. Whereupon, the testimony of Detective Fulton was concluded.

{5}In closing, the Attorney General quoted from the compensation application that the applicant identified the suspected shooter as Aaron Roberts. The Columbus Police tried to investigate this shooting, but due to the uncooperativeness of the applicant any meaningful investigation was unsuccessful. Whereupon, the hearing was concluded.

{6}R.C. 2743.60(C) states:

"(C) The attorney general, a panel of commissioners, or a judge of the court of claims, upon a finding that the claimant or victim has not fully cooperated with appropriate law enforcement agencies, may deny a claim or reconsider and reduce an award of reparations."

{7}The Attorney General has the burden with respect to proof of non-cooperation with law enforcement authorities [exclusionary criteria R.C. 2743.60]. *In re Williams*, V77-0739jud (3-26-79); and *In re Brown*, V78-3638jud (12-13-79).

{8}"As a general rule any action, inaction, or inexcusable neglect by an applicant which substantially impedes or impairs investigation or prosecution proceedings which have been initiated by the law enforcement authorities or which would have been initiated but for the action, inaction, or inexcusable neglect, constitutes a failure to fully cooperate as required by R.C. 2743.60(C)." *In re Dray* (1989), 61 Ohio Misc. 2d 417, 419.

{9}From review of the file and with full and careful consideration given to the testimony and argument presented at the hearing, we find the applicant failed to fully cooperate with law enforcement. It appears initially, due to fear he may have sustained fatal injuries the applicant supplied the police with a name and address for the offender, however, once the applicant recovered he was unwilling to provide the police with additional information so that a meaningful investigation could be conducted. At the time of the photo array, the applicant stated he was unable to identify the shooter and probably would never be able to provide police with the offender's identity. In the case at bar, the police were conducting a diligent examination of the events surrounding the applicant's shooting and attempting to learn the identity of the shooter. However, the applicant reluctant attitude substantially impaired and impeded the police efforts in this case. Therefore, the Attorney General's May 20, 2010 decision is affirmed.

IT IS THEREFORE ORDERED THAT

{10}1)  The May 20, 2010 decision of the Attorney General is AFFIRMED;

{11}2)  This claim is DENIED and judgment is rendered in favor of the state of Ohio;

{12}3)  Costs are assumed by the court of claims victims of crime fund.

_____
RANDI M. OSTRY
Presiding Commissioner


_____
LLOYD PIERRE-LOUIS
Commissioner


_____
ELIZABETH LUPER SCHUSTER
Commissioner

ID #I:\Victim Decisions to SC Reporter\Panel Decisions\2010\Sept - Nov 2010\V2010-50566.wpd\DRB-tad

A copy of the foregoing was personally served upon the Attorney General and sent by regular mail to Franklin County Prosecuting Attorney and to:

Filed 9-23-10
Jr. Vol. 2276, Pgs. 198-201
Sent to S.C. Reporter 10-11-11